IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------

MARK GREENE,

                    Petitioner,

      -vs-

KIMBERLY CLIPPER,

                    Respondent.

------------------------------------------------------

: CASE NO. 1:11 CV 00323
:
: MEMORANDUM AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Pursuant to Local Rule 72.2(b)(2), the instant pro se petition for the writ of habeas corpus was referred to United States Magistrate Judge Vernelis K. Armstrong for report and recommendation ("R&R"). On 5 June 2012, the Magistrate Judge recommended that the petition be dismissed. (Doc. 13). The petitioner Mark Greene (hereinafter "petitioner") now objects. (Doc. 15). For the reasons that follow, the petitioner's objections will be overruled, the R&R adopted, and the petition dismissed.

**I. Background**

    In January 2008, a Cuyahoga County jury convicted the petitioner of felonious assault with firearms specifications, after he shot a man in the face with a .40 caliber handgun. (Doc. 9-1, p. 10). The petitioner was sentenced to a term of sixteen-years incarceration. (Doc. 9-1, p.11). He appealed and advanced a number of assignments of error. (Doc. 9-1, pp. 32-77). His conviction was affirmed, but the matter was remanded

for the correction of a sentencing error. (Doc. 9-1, pp. 153-93). The Ohio Supreme Court denied the petitioner's application for leave to appeal. (Doc. 9-1, p. 288). The petitioner filed for post-conviction relief in state court, but he was denied at both the trial and appellate levels. (Doc. 9-2, pp. 31, 88-94).

On 15 February 2011, the petitioner filed the instant pro se petition for the writ of habeas corpus. (Doc. 1). He seeks relief on three grounds:

> (1) that his right to a speedy trial under the United States Constitution was violated;
>
> (2) that he was denied due process when the trial court did not instruct the jury that guilty pleas of a co-defendant could not be considered evidence of the defendant's guilt; and
>
> (3) that the state courts erred by denying his motion for a new trial, where he advanced "newly discovered evidence" that his co-defendant was acquitted of murder.

(Doc. 1).

On referral, Magistrate Judge Armstrong considered these claims and recommended that this Court dismiss the petition. Specifically, the Magistrate Judge determined that the petitioner did not "fairly present" his Sixth Amendment speedy trial claim to the state courts. Because the petitioner did not show cause and prejudice for his failure to do so, the Magistrate Judge concluded that the claim was waived. The Magistrate Judge further concluded that the petitioner's remaining claims are without merit, because the state court decision was neither contrary to, nor involving an unreasonable application of, clearly established federal law as determined by the Supreme Court of United States. (Doc. 13). The petitioner has filed a single timely objection to the Magistrate Judge's recommendation on his first claim for relief.

2

### III. Discussion

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). In the absence of objections, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note.

The petitioner objects only to the Magistrate Judge's assessment that the Sixth Amendment speedy trial claim was not "fairly presented" to the state courts. (R&R, pp. 15-17). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." McMeans v. Brigand, 228 F.3d. 674, 681 (6th Cir. 2000). As noted in the R&R, "fair presentation" to the state courts depends on whether the petitioner

> reli[ed] upon federal cases employing constitutional analysis; (2) reli[ed] upon state cases employing federal constitutional analysis; (3) phras[ed] the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleg[ed] facts well within the mainstream of constitutional law.

Id. The Magistrate Judge reasoned that there was no "fair presentation" of the speedy trial claim because the petitioner "phrased his allegations as a denial of constitutional rights but failed to claim that specific constitutional rights were violated." She further noted that the state court "decision was based entirely on state statutory requirements and considerations." (R&R, p. 16).

The petitioner maintains that the Magistrate Judge's conclusion is erroneous because the petitioner's reference to federal case law in his state appellate brief

3

amounts to a "fair presentation" of his Sixth Amendment speedy trial claim. He also indicates that his appellate brief cited an Ohio case that purportedly relied on federal constitutional law.

These arguments have no merit. On de novo review of the state court record, the Court agrees with the Magistrate Judge that the petitioner has not satisfied the applicable standard. In state court, the petitioner argued that the Ohio speedy trial statute was violated. It is not enough that the petitioner's state court brief cited a federal case to support this argument. Further, the mere fact that one of his cited Ohio cases mentions federal authority did not transform his state law claim into a question of federal constitutional law. "Fair presentation" requires the assertion of both the factual and legal basis for the claim. See McMeans, 228 F.3d. at 681. The legal basis in this instance is an alleged violation of the federal constitution. Based on the record, it is not apparent that the state courts were provided notice that they were being called upon to answer the constitutional question now being presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (A petitioner fairly presents the "substance of his federal habeas corpus claim" when the state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim). The petitioner's objection is accordingly overruled.

The Magistrate Judge correctly determined that the speedy trial claim was not "fairly presented" to the state courts. Because the petitioner has not shown cause and prejudice for failing to do so, the Court adopts the recommendation of the Magistrate Judge that the claim is procedurally defaulted. Further, the petitioner offers no

objections to the Magistrate Judge's remaining recommendations. Because those recommendations are not clearly erroneous, they too will be adopted.

### III. Conclusion

For the reasons stated above, the petitioner's objections are overruled. The Magistrate Judge's report and recommendation is hereby adopted in its entirety, and the petition is dismissed. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: May 27 2013